IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:95-CR-00141-MAC** |
| **v.** | § | |
| | § | |
| | § | |
| **LEE ANTHONY FISHER** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 27, 2020, alleging that the Defendant, Lee Anthony Fisher, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Lee Anthony Fisher was sentenced on April 22, 1996, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to: Count One—possession with intent to distribute cocaine base, a class C felony; and Count Three—felon in possession of a firearm, a class C felony. Count One carried a statutory maximum imprisonment term of 40 years, and Count Three carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of VI, was 262 to 327 months.

On Count One, Fisher was subsequently sentenced to 300 months' imprisonment followed by a 5-year term of supervised release. On Count Three, he was sentenced to 120 months' imprisonment followed by 3 years of supervised release to run concurrently with Count One. His supervised release was subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure and a $100 special assessment.

## II. The Period of Supervision

On January 7, 2016, Fisher was reassigned to U.S. District Judge Marcia A. Crone. On June 24, 2019, his Count One sentence was reduced to 240 months' imprisonment with 4 years of supervised release to follow. On June 27, 2019, Fisher completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Lee Anthony Fisher violated the following conditions of release: the Defendant shall not commit another federal, state, or local crime. In violation of this condition, Fisher was arrested on July 20, 20202 for providing contraband (a controlled substance) in prison and later pled guilty to this offense.

## IV. Proceedings

On April 28, 2021, and May 5, 2021, the undersigned convened hearings pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to

plead "true" to the first allegation that claimed he failed to refrain from committing another crime. The court heard evidence regarding Fisher's crime of providing contraband in prison. Postal Inspector, Joshua Bergeron, testified that emails and phone calls between Fisher and an inmate revealed their plan to introduce contraband into the prison. He stated that Fisher mailed a package containing a magazine laced with K2 spice (a controlled substance), and that package was intercepted by prison staff on January 23, 2020. It was tested and confirmed to contain a controlled substance. A controlled delivery was made to the intended recipient in prison and his call to Fisher confirmed the drug transaction. Officials interviewed the inmate recipient, and he admitted that he obtained the laced magazine from Fisher. Inspector Bergeron also testified that there were two other contraband packages sent to two other individuals the same way from the same post office used by Fisher.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction for Count One was a Class B felony,

therefore, the maximum imprisonment sentence is 3 years. Count Three was a Class C felony so the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from committing another crime, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the policy statement imprisonment range for Count One is 21 to 27 months and the range for Count Three is 21 to 24 months.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant's revocation sentence shall run consecutively to the imprisonment he is serving in case number 1:20-CR-95.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from committing another crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 21 to 27 and 21 to 24 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Only one month after being released on conditions of supervised release, Fisher committed a new crime involving a controlled substance. Fisher pled guilty to this crime before this court, then attempted to deny his wrongdoing at his revocation hearing despite his guilty plea and testimony from Postal Inspector Bergeron. The

undersigned heavily weighed the factors of deterrence and protection of the public from further crimes by the defendant.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 24 months as to each count to run concurrently with each other, with no term of supervised release to follow. Fisher's sentence of 24 months' imprisonment for this revocation (on Counts One and Three) shall run consecutively to his sentence he is serving in case number 1:20-CR-95.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from committing another crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 24 months' imprisonment on each count to run concurrently with no term of supervised release to follow. Fisher's sentence of 24 months' imprisonment for this revocation (on Counts One and Three) shall run consecutively to his sentence he is serving in case number 1:20-CR-95. The Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his

right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 7th day of May, 2021.

_____
Zack Hawthorn
United States Magistrate Judge